## McLAY v. McLAY.

**1. DIVORCE—CUSTODY OF CHILDREN—DISCRETION OF COURT.**

The Supreme Court is reluctant to overrule the trial court in a suit involving the custody of children of divorced parents in the absence of a clear abuse of discretion.

**2. COURTS—ORDERS—NOTICE OF HEARING—JURISDICTION.**

The failure to notice an order for hearing might subject the order to being vacated on proper motion but did not deprive the court of jurisdiction to hand down the order or render the order entered void.

**3. DIVORCE — MODIFICATION OF DECREE — JURISDICTION TO ENTER ORDER.**

Order of trial court, prepared instanter by attorney for defendant wife and giving her custody of parties' 2 young children for a probationary period of 6 months, modifying decree of divorce wherein custody had been given to father, is not disturbed, where issue of voidability was not raised in the trial court by motion to vacate or a motion for rehearing.

**4. SAME—ADJOURNMENT—DISCRETION OF COURT.**

It was not an abuse of discretion on the part of the trial court to deny husband's motion for adjournment at hearing on wife's petition for custody of 2 minor children, because husband's attorney was unable to be present, where trial judge was the same one who had granted the original decree of divorce, was familiar with the parties, 1 adjournment had already been had, there were out-of-town witnesses present, the husband was himself an attorney, the absent attorney's presence could not be promised for a considerable time and no showing was made by the husband of any effort to secure or summon witnesses prior to date set for hearing or as to what such witnesses would testify if called.

REFERENCES FOR POINTS IN HEADNOTES

[1] 17A Am Jur, Divorce and Separation § 817.
[2] 14 Am Jur, Courts § 195.
[3–5] 17A Am Jur, Divorce and Separation § 837.

5. SAME—CUSTODY OF CHILDREN—PROBATIONARY PERIOD WITH MOTH-
ER—STATUTES.

>   Trial court's order modifying decree of divorce so as to give
>   wife custody of 2 children of the parties, born in 1952 and
>   1955, for a probationary period of 6 months following her
>   recovery from illness *held*, not to have shown that trial court
>   did not take into account the best interests of the children,
>   in view of the statute favoring custody in the mother of
>   children of tender years (CL 1948, § 722.541).

Appeal from Oakland; Doty (Frank L.), J. Sub-
mitted June 10, 1958. (Docket No. 53, Calendar No.
47,625.) Decided September 10, 1958.

Bill by Wallace D. McLay against Susan Williams
McLay resulted in decree of divorce. Thereafter
defendant petitioned for modification changing cus-
tody of minor children. Decree modified. Plaintiff
appeals. Affirmed.

*Wallace D. McLay, in propria persona (William
John Beer, of counsel).*

*Lewis & Watkins,* for defendant.

EDWARDS, J. Two small children, aged 6 and 3
years, are the subject of this appeal. Their parents,
having divorced each other, now dispute over which
shall have custody of the children.

The nature of the order appealed from plays a
great part in our decision and illustrates the limi-
tations upon the character of appellate review of
custody disputes over minor children.

The order entered on November 12, 1957, by the
Oakland county circuit judge, who had previously
granted the divorce, modified the custody provisions
of the preceding decree as follows:

"It is further. ordered and adjudged, that for a
full period of 6 months from and after the date

hereof, defendant, Susan Williams McLay, shall have the care, custody and control of Daniel Wallace McLay and Catherine Sutton McLay, the minor children of said marriage; plaintiff, Wallace D. McLay, at the expiration of said 6-month period, by proper application therefor, may seek review of the award of custody of said minor children herein made, but if no such application is made, or if such application is made and is denied, the care, custody and control of said minor children by said Susan Williams McLay shall become and be permanent during the minority of each of said children, or until the further order of the court."

Because of the time factor involved above, this Court granted an order staying execution of the change of custody contemplated and sought records and briefs from the parties while maintaining the *status quo* of the children. On motion of appellee here, and after full consideration of the briefs and record presented, on March 4, 1958, this Court vacated its stay order, thereby allowing the 6-months probationary change of custody contemplated by the circuit judge to take place.

This Court recognized then, as it does now, that in the normal course of formal appeal the 6-months period of probationary custody would run so that our ultimate decision might well be moot by the time it was announced. And, indeed, it appears likely that the trial judge will already have heard the reports on the 6 months of maternal custody, and already have made a new decision prior to release of this opinion.

We recite this history to point to the obvious fact that the proximity of the trial judge to the parties, and the relative flexibility of his decisions, both predetermine great reliance on the part of this Court upon his judgment as to the facts and as to the motivation and intentions of the parties involved in a

custody dispute of this nature. We phrase this attitude in our cases as a reluctance to overrule the chancellor who heard the custody dispute—absent a clear abuse of discretion. *Vines* v. *Vines,* 344 Mich 222; *Sargent* v. *Sargent,* 320 Mich 33.

With all of this to the contrary notwithstanding, we proceed to relate the background facts essential to decision.

Susan Williams McLay and Wallace D. McLay were married September 7, 1944. Two children were born to them, Daniel Wallace McLay on February 13, 1952, and Catherine Sutton McLay on May 7, 1955. Difficulties between the parents approached such a state that the husband filed a bill of complaint for divorce. A subsequent property settlement agreement between the parties was filed reciting, among other things, the wife's illness and her inability to supervise and care for the 2 children.

On July 23, 1956, an uncontested decree of divorce was granted Wallace D. McLay, based in large measure upon the property settlement agreement which was incorporated in the decree. The nature of this agreement as it bore on custody undoubtedly has influenced (although, of course, it did not control) the subsequent action of the circuit judge, and we quote the relevant portions:

"At such time as (1) wife shall have recovered from her illness above mentioned and again be able to care for and supervise the raising of said children, or (2) the children are not receiving the care and supervision of husband's mother at her residence, as aforesaid, wife at any time thereafter may, by written notice to husband, request the care, custody and supervision of said minor children and a modification of this agreement as to their care, custody and support. If the parties hereto then are unable to agree upon suitable provisions for the care, custody and support of said children within 30

days from the sending of said notice, wife may apply to the circuit court for the county of Oakland, State of Michigan for determination of her right to the care and custody of the said minor children and extent of husband's liability for their support."

Subsequent to the divorce, the children lived with their father and his mother until June, 1957, when the father remarried, whereupon they continued residing with the father and his new wife. No question is raised which in any way reflects upon the care given the children while in the father's custody.

Meantime, the wife sought help for her mental and emotional problems and subsequently entered the University of Michigan, seeking a teacher's certificate in education.

On September 17, 1957, an attorney for the mother filed a petition for modification of the divorce decree by the transfer of custody of the minor children from the father to the mother. The petition recited the illness which had occasioned custody being placed, without contest, in the father at the time of entry of the decree, and claimed complete recovery therefrom.

On the date scheduled for hearing, October 14, 1957, counsel for the mother agreed to an adjournment to November 12, 1957. The father, a lawyer, appeared *in propria persona* and sought an adjournment on the grounds that attorney Walter Nelson, his chosen counsel, was otherwise engaged in court work in Wayne county. The judge indicated an intention to proceed with the hearing, granting a brief adjournment for the father to secure the services of his own law partner who was present in the building, and who did appear and represented the father during the balance of the hearing.

Evidence presented by the mother included that of a psychiatrist on the staff of the University of Mich-

igan hospital who testified unequivocally that she was not mentally ill at the times of his recent examinations, and that of a professor in the school of education at the University of Michigan whose testimony was as follows:

"*Q.* Now, in your work with her, during the period that you were one of her professors and the times that you have seen her since, in view of your background in the field of psychology, have you formed any opinions as to Mrs. McLay's emotional status, emotional stability?

"*Mr. Houston:* I object to the question. I don't believe this witness has been qualified as an expert.

"*The Court:* I think so. I think he is qualified. He may answer.

"*A.* Well, on the basis of her work in the course and knowledge of her work with children and her student teaching and other contacts where I have seen her, she performs certainly like any other normal person.

"*Q.* Would you have any hesitancy in recommending her for a teaching certificate?

"*A.* No, I wouldn't. If I would have, we would have had to take steps to discourage this.

"*Q.* You feel, then, that she reacted during that period in a rather normal manner as a layman would use the term?

"*A.* From all the observations I have had, yes."

The court also had the benefit of the testimony of the Episcopalian chaplain of the University of Michigan, and an opportunity to see and hear Mrs. McLay herself on the witness stand. The court also had a report and recommendation of the friend of the court, which the record indicates he ultimately followed.

At the conclusion of the hearing, the circuit judge announced the 6-months probationary custody order in favor of the mother which we have already re-

cited. Subsequently, the attorney for the mother prepared the order and presented it to Mr. Houston, attorney for the father at the hearing, who declined to approve same. Thereafter, without noticing the entry of the order for hearing, the attorney for the mother presented same to the circuit judge who entered it as the order of the court.

Appellant father, in this appeal, claims the circuit judge did not have jurisdiction to enter the order, that he abused his discretion in failing to grant an adjournment, and that he failed to take into account the best interests of the children.

The argument pertaining to jurisdiction is based upon the failure to notice the proposed order for hearing under Michigan Court Rule No 10, § 5 (1945), which recited:

"Whenever an order has been granted in any proceeding it shall be noticed and presented for signature within 10 days after the granting of the same. If such order is not so presented or time extended by the court, it will be considered as abandoned, and a new application for such order may be made only to the judge granting the original order, or his successor, upon such terms as may appear just and equitable."

The order was presented and signed and filed within the 10 days referred to. Our question is whether failure to notice renders the order abandoned and void as claimed by appellant.

We consider the order subject to being vacated on proper motion. In *Flowers* v. *Wayne Circuit Judge,* 218 Mich 500, Justice Wiest, dealing with this identical problem, wrote:

"If the decree granted by Judge Hosmer was settled and signed without notice to the attorney for Mr. Flowers a motion should have been made to set it aside."

We do not, however, consider that failure to follow the terms of this administrative rule deprived the court of jurisdiction to hand down the order, or rendered the order as entered void. There is no question but that the order complied with the decision of the court announced from the bench at the close of the hearing.

Further, if the order be considered voidable and, hence, subject to reversal on appeal, we have no indication in this record that such an issue was submitted to the court below by motion to vacate, or on motion for rehearing. *Andres* v. *Washtenaw Circuit Judge,* 287 Mich 412.

As to the claim of abuse of discretion on the part of the circuit judge in failing to grant the adjournment of the hearing requested, we have reviewed the record with care. We take into account the fact that the circuit judge had heard the original divorce matter and was familiar with the parties, the fact that there had been 1 adjournment of the instant petition, that there were out-of-town witnesses present, that the adjournment request was based on unavailability of counsel whose presence could not be promised for a considerable period of time, that the father was known to the judge as a lawyer and known to him to have a competent law partner immediately available, and finally, that there was no showing made by appellant of any effort to secure or summon witnesses prior to the date set for hearing or as to what such witnesses would testify if called.

Although we feel, even so, that an adjournment at the close of petitioner's testimony might have been more desirable, we cannot say that refusal under the circumstances enumerated was an abuse of discretion. *Winklemeir* v. *Daiber,* 92 Mich 621; *People* v. *Burby,* 218 Mich 46.

As to the last of appellant's questions, we hold that a review of this record does not show that the circuit judge failed to take into account the best interests of the children. The order entered was in conformity with the original expressed agreement of both father and mother, and was obviously contemplated on the happening of certain contingencies in the court's original decree. Further, although not mandatory, there is a statutory preference favoring custody in the mother of children of tender years. CL 1948, § 722.541 (Stat Ann 1957 Rev § 25.311); *Eicholtz* v. *Eicholtz,* 319 Mich 42.

The judge heard testimony which was ample to support his finding as to her recovery of fitness for custody. And, finally, the very nature of the 6-months probationary order entered indicated a careful and considerate approach to the difficult and continuing problem confronting him.

Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, VOELKER, and KAVANAGH, JJ., concurred.