BAUMAN *v.* GRAND TRUNK WESTERN
RAILROAD COMPANY.

1. CONTINUANCE—DISCRETION OF COURT.
   The adjournment of a case is always a matter of discretion on the
   part of the trial judge.

2. SAME—DISCRETION OF COURT—SUPREME COURT.
   The Supreme Court reviews the discretion of the trial judge with
   reference to the facts in each individual case of continuance
   to determine whether or not an abuse of discretion has taken
   place and whether that abuse has created an injustice which
   denies a party due process and a fair trial.

3. SAME—CHANGE OF COUNSEL—TRANSCRIPT—DISCRETION OF COURT.
   Denial of continuance until new trial counsel had the full trans-
   cript for examination at least several days before he would be
   required to proceed with a jury trial already lengthy and in-
   volving complicated legal questions, in which testimony of
   expert witnesses, both of an engineering and medical nature
   had been presented at great length and in which the only de-
   fense counsel familiar with all phases of the case had become
   ill after plaintiff had concluded his proofs *held,* an abuse of
   discretion.

4. TRIAL—JURY CASE—CONDUCT IN CHAMBERS.
   The practice of conducting a considerable portion of the trial of
   a jury case in chambers is not to be encouraged, but should be
   limited to unusual circumstances.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur, Continuances § 5.
[3] 12 Am Jur, Continuances § 12.
    Continuance of civil case because of illness or death of counsel.    67
    ALR2d 497.
[4] 30A Am Jur, Judges §§ 35–37.
[5] 3 Am Jur, Appeal and Error § 1184 *et seq.*

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEW TRIAL—EVI-
DENCE—INSTRUCTIONS—REQUESTS TO CHARGE.

The Supreme Court will not anticipate that improper rulings
would be made with reference to the admission of evidence
and other errors relating to the charge of the court and the
failure to make certain requested charges, hence, does not con-
sider such matters upon reversal for trial judge's abuse of
discretion in denying motion for continuance.

Appeal from Jackson; McDonald (Archie D.), J.,
presiding. Submitted April 6, 1961. (Docket No.
18, Calendar No. 48,568.) Decided September 21,
1961. Rehearing denied November 30, 1961.

Case by James A. Bauman against Grand Trunk
Western Railroad Company, a Michigan corporation,
for personal injuries sustained in collision on grade
crossing. Defendant's attorney taken ill during trial.
Motion for mistrial denied. Motion for additional
adjournment for transcription of testimony to aid
substitute trial counsel denied. Verdict and judg-
ment for plaintiff. Defendant appeals. Reversed
and new trial granted.

*Kelly, Kelly & Kelly* (*Phillip C. Kelly,* of counsel)
and *Vandeveer, Haggerty, Doelle, Garzia, Tonkin &
Kerr* (*Buell Doelle,* of counsel), for plaintiff.

*McKone, Badgley, Domke & Kline,* for defendant.

KAVANAGH, J. Plaintiff brought this action to re-
cover damages allegedly caused by the negligence
of defendant railroad company. The accident oc-
curred on April 20, 1956, in the village of Gregory,
Livingston county, Michigan, on State trunkline M-
36 where it intersects the defendant's railroad.
Around noon of that day plaintiff was proceeding
in a southerly direction on highway M-36 and de-
fendant's freight train was proceeding in a westerly

direction toward the highway. The Ford truck which plaintiff was driving and the freight train collided. Plaintiff had both his legs severed, one above and the other below the knee.

The case was tried to a jury and a verdict of $199,962 was returned in favor of plaintiff.

The trial commenced on February 18, 1959, and plaintiff concluded his proofs on March 2, 1959. Various motions to strike and for a directed verdict were presented by defendant and taken under advisement by the court.

On March 3, 1959, chief counsel for defendant, Maxwell F. Badgley, became ill and the case was continued until the following day to determine the seriousness of the illness and whether or not Mr. Badgley would be able to proceed with the trial. An attending physician counseled with the court and advised it would be approximately 3 months before Mr. Badgley would be medically fit to carry on the trial. The trial court adjourned the case until March 25th with a suggestion if new counsel was to be procured it should be done by that time.

Up to the time of the adjournment the trial was being conducted by Mr. Badgley as attorney for defendant. Mr. Badgley during the first 4 days of the trial had been assisted by defendant's assistant general attorney, Mr. Livesay, who had participated in the trial on the first and second days, cross-examined at least 1 of plaintiff's witnesses, and made objections to the testimony and handled himself as associate counsel. On the second day Mr. Livesay was asked to leave the courtroom by Mr. Badgley to obtain an expert witness from Westinghouse Air Brake Company to secure and furnish him data for an opinion on stopping distances. On the fourth day of trial the court ruled that associate counsel Livesay either return and stay until the close of the trial

or remain away, and further that trial counsel Badgley make all the arguments.

The court at the time of adjournment on March 4th was advised that a motion for mistrial would be made if Mr. Badgley was not going to be able to return on March 25th. This motion for mistrial was filed on the 19th of March and presented and argued on the 25th of March. A transcript of the testimony was ordered verbally on March 4th from the court stenographers and by written communication on March 9th. The motion for mistrial was accompanied by affidavit from the court stenographers who had reported the proceedings to the effect that the transcript would not be ready by March 25th. During the argument on the motion for mistrial on March 25th the court questioned the reporters off the record and then stated on the record that the reporters were unable to give a definite date when the transcript would be furnished but they would get it out as quickly as possible and forward it to counsel in different stages.

Mr. Cobb, counsel for defendant at the mistrial motion hearing, indicated he believed defendant's counsel had the right to choose what part of the testimony he was entitled to and should not be forced to go ahead with only a piecemeal portion of the record.

The court denied the motion for mistrial. The court then set April 8th as the date to continue the trial and instructed the jury to report back on that date. On inquiry as to whether the court stenographers would have the transcript ready before that time, the court replied, "They are going to do their very best." Mr. Livesay advised the court that if the full transcript was ready in time defendant would get new counsel to try the case. Mr. Cobb inquired as to what the reporters had said in chambers to the judge with reference to when the

transcript would be ready. The court indicated that was not going to be gone into. Mr. Cobb said, "What I am asking is this, your Honor: that we be given an adequate length of time after the transcripts become available to commence the trial." The court indicated he would cross that bridge when he came to it. Counsel for defendant moved for a continuance of 30 days after the transcript was ready. This was denied. Counsel then moved for a 15-day continuance. This was also denied. Mr. Cobb indicated that if he had until about April 20th, he was advised by Mr. Badgley he would make himself available in court and the defendant would be responsible for going ahead on that date. The court denied this stay and concluded the matter by saying, "I will put it over until April 8th. That is, for trial."

The transcript was not completed on April 8th. In fact, it was not completed until April 17th, the final day of proofs. The trial commenced again on April 8th with new counsel and was completed without counsel Badgley returning to the courtroom.

After the jury verdict, defendant made a motion for new trial, claiming the court erred in numerous respects. The court in a written opinion denied the motion for new trial.

Defendant appeals, renewing all the reasons given in the motion for new trial and placing the errors complained of in 3 general categories:

(1) Procedural matters which include—
The trial court's ruling excluding associate trial counsel from the courtroom;
The court's denial of the motion for mistrial;
The court's denial of a continuance upon defendant's trial counsel being disabled until the transcript was available for substitute counsel;
The refusal of the court to grant an additional continuance for 12 days until trial counsel could return and continue the trial;

The conduct of a considerable portion of the trial in chambers after objection to such procedure.

(2) Errors relating to evidentiary matters.

(3) Errors relating to the charges of the court.

The adjournment of a case is always a matter of discretion on the part of the trial judge. This Court has held the allowance of a continuance on account of the illness of a party or an important witness is not a matter of right, but rests in the sound discretion of the court. *Stevens* v. *N. Z. Graves Corporation,* 210 Mich 585. The rule that appellate courts will reverse only when they find an abuse of discretion on the part of the trial judge has been followed in *People* v. *Fenner,* 217 Mich 239; *Kranich & Bach* v. *Lobell,* 227 Mich 288; *Baker* v. *Wetherald,* 291 Mich 646; *In re Earle,* 316 Mich 295.

In *McLay* v. *McLay,* 354 Mich 19, this Court has lately held that the court did not abuse his discretion in denying a motion for continuance where the appellant's attorney was unable to be present; where there had been 1 previous adjournment; where there were out-of-town witnesses present; where the adjournment request was based on unavailability of counsel, whose presence could not be promised for a considerable period of time; where the appellant was known to the judge as a lawyer and known to him to have a competent law partner immediately available; and where there was no showing made of any effort to secure or summon witnesses prior to the date set for hearing or as to what such witnesses would testify if called.

This Court reviews the discretion of the trial judge with reference to the facts in each individual case to determine whether or not an abuse of discretion has taken place and whether that abuse has created an injustice which denies a party due process and a fair trial.

In view of the above we consider the facts with reference to this particular case. This was a lengthy trial involving complicated legal questions. The testimony of expert witnesses, both of an engineering and medical nature, was presented at great length. Many of the objections and motions had first been made and discussed in the chambers of the trial judge without the stenographers being present. In addition to this, of the more than 1,100 pages of the transcript of the case approximately 300 pages represent proceedings in chambers on at least 30 different occasions. We consider, too, the order of the court, even though in the alternative, excluding co-counsel Livesay, so that the only defense counsel familiar with the testimony, rulings of the court, exhibits, motions, and the granting and denial of objections to testimony, including unrecorded conversations with the court in chambers, was defense counsel Badgley.

Taking all these facts into consideration, we conclude the trial court abused his discretion in this particular case by refusing to grant a continuance until the new trial counsel had the full transcript for examination at least several days before he would be required to proceed with the trial. We recognize the trial court was faced with a difficult situation where plaintiff had concluded his proofs and the granting of a mistrial would have caused great expense. However, we do not see where the continuance for the preparation of the transcript would have injured plaintiff in any way.

We are not ruling upon the alleged error in conducting a considerable portion of the trial in chambers, except as this relates to a factor in the lack of knowledge of any new counsel as to what had transpired during the trial. We do say, however, that such practices are not to be encouraged but should be limited to unusual circumstances.

A general statement of the law is contained in 53 Am Jur, Trial, § 36, p 51, as follows:

"Policy of the law requires that proceedings of the court in the trial of actions, with certain exceptions, be open and public. In criminal cases the accused has a constitutional right to a public trial. Publicity of proceedings implies that doors of the courtroom be kept open and that the public or such portion thereof as may be conveniently accommodated be admitted, subject to the right of the court to exclude objectionable characters and persons of tender years. And in civil cases the policy of the law requires that all proceedings of the court should be open and notorious, and in the presence of the parties, so that they may take exceptions in the mode pointed out by law, and not be put to extraneous proof to show that an error has been committed in a secret proceeding, and, in fact, out of court."

Since we hold the trial court abused his discretion in not granting the continuance requested, a new trial will result. We, therefore, cannot anticipate that improper rulings would be made with reference to admission of evidence and other errors relating to the charge of the court and the failure to make certain requested charges. We conclude it is not necessary for us to review or discuss the other alleged errors complained of on appeal.

Reversed. New trial granted. Defendant shall have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and SOURIS, JJ., concurred.