## HERITAGE BUILDING COMPANY, INC., *v.* MILLER

1. TRIAL—ABSENCE OF COUNSEL—TRIAL COURT DISCRETION.

   It was an abuse of trial court discretion to proceed to conclusion of trial and entry of judgment in absence of plaintiff's counsel where his excuse for absence was a plausible one and evidence indicates he had done all he could to communicate his possible absence to the court.

2. SAME—NEW TRIAL—DUE PROCESS.

   Where trial court's impatience at the trial is clearly reflected in the record, coupled with a judgment which does not take into account all of the matters before the court, the litigants have been denied due process and a fair trial, and a new trial must be directed.

Appeal from Oakland, Moore (Arthur E.), J. Submitted Division 2 November 14, 1968, at Lansing. (Docket No. 4,318.)   Decided November 26, 1968.

Complaint by Heritage Building Company, Incorporated, a Michigan corporation, against Norman G. Miller and Jean Miller for unpaid balance due on contract to construct a residence.   Counterclaim by defendants for damages for failure to build the residence properly.   Judgment for defendants on their counterclaim.   Plaintiff appeals.   Reversed and new trial granted.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 53 Am Jur, Trial § 34 *et seq.*

*James H. Hudnut,* for plaintiff.

*Condit, Denison, Devine, Porter & Bartush,* for defendants.

Per Curiam.   Plaintiff contracted to construct a residence for defendants in Oakland county.  Additional items were installed later at defendants' request and were not put into writing.., Plaintiff sued for the unpaid balance and defendants, while admitting some credits due plaintiff, counterclaimed for damages, alleging that the plaintiff failed to build and finish the house properly.

Trial was concluded in the absence of plaintiff's counsel and judgment entered for defendants on their counterclaim which had been in excess of the plaintiff's claim.

Plaintiff appeals, alleging the judgment to be against the preponderance of the evidence, while defendant alleges the judgment to be incorrect as not reflecting undisputed money claims due plaintiff as offset by undisputed credits due defendants. Plaintiff further alleges an abuse of discretion on the part of the court in finishing the trial in the absence of counsel for plaintiff, thereby precluding plaintiff's right to offer rebuttal testimony and complete proofs.

A review of the record reveals that the judgment does not reflect items which should have been credited to both parties, thereby resulting in a somewhat haphazard decision that must be corrected.   Overriding this consideration, however, is the allegation of abuse of discretion in completing the trial in the absence of counsel for plaintiff.   His suggested excuse for absence as revealed by the record appears totally plausible and there is matter to indicate

he had done all he could to communicate this possible absence to the court.

Each case of this nature must rest on the facts to be reviewed in that case to determine whether an injustice has taken place which denies a party due process and a fair trial. See *Bauman* v. *Grand Trunk Western Railroad Company* (1961), 363 Mich 604.

Such is the case before us. The court's impatience, patent in the record, coupled with the judgment which does not take into account all of the matters before the court, dictates a new trial.

Reversed and new trial ordered. Costs to appellants.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.