DEPARTMENT OF SOCIAL SERVICES v ARDEN

1. ADMINISTRATIVE LAW—CONTINUANCE—WITHHOLDING FINAL DETER-
   MINATIONS—FINAL ORDERS—RES JUDICATA.

   An order by the Director of the Michigan Department of Social
   Services constituted a continuance of an administrative action
   brought by the department to determine whether the defend-
   ants had received Medicaid payments for services not covered
   by the program where it withheld a final determination on the
   amount of overpayment pending the development of a reliable
   method for calculating that amount after which the defendants
   would have the right to challenge the department's new statis-
   tical method; such an order cannot be considered a final order
   *for purposes of res judicata since it specifically reserved resolu-*
   *tion of the amount due pending a redetermination.*

2. ADMINISTRATIVE LAW—CONTINUANCE—GENERAL RULE—ABUSE OF
   DISCRETION.

   A general rule regarding the grant of a continuance by an
   administrative agency is the same as that applicable to judicial
   proceedings; its decision will not be disturbed absent an abuse
   of discretion.

3. ADMINISTRATIVE LAW—ADMINISTRATIVE PROCEDURES ACT—SUBPOE-
   NAS—LEGISLATIVE INTENTION—DEPARTMENT OF SOCIAL SERVICES
   —GENERAL SUBPOENA AUTHORITY—THE SOCIAL WELFARE ACT—
   STATUTES.

   The purpose of the provisions of the Administrative Procedures
   Act regarding subpoenas is to grant parties in administrative
   proceedings access to the subpoena power necessary to permit
   them to procure and present all favorable relevant evidence;
   *this legislative intention does not require the restriction of the*
   *general subpoena authority of the Michigan Department of*
   Social Services granted under a provision of The Social Welfare

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law § 499 *et seq.*
[2] 2 Am Jur 2d, Administrative Law § 426.
[3, 4] 1 Am Jur 2d, Administrative Law §§ 86, 89–91.

Act (MCLA 24.273, 24.280, 400.8; MSA 3.560[173], 3.560[180], 16.408).

4. ADMINISTRATIVE LAW—ADMINISTRATIVE AGENCIES—GENERAL INVESTIGATIVE SUBPOENA POWER—CRIMINAL ADJUDICATORY PROCEEDINGS—SAME SUBJECT MATTER.

The general investigative subpoena power of an administrative agency is not restricted because of a concurrent adjudicatory proceeding concerning the same subject matter.

Appeal from Wayne, Victor J. Baum, J. Submitted November 9, 1977, at Detroit. (Docket No. 77-260.) Decided February 6, 1978.

Complaint by the Michigan Department of Social Services and John T. Dempsey, Director of the Michigan Department of Social Services, against Bernard Arden, D. O., and Arden Clinic, P. C., for an order that defendants comply with a subpoena *duces tecum* issued by the director and for a subpoena to be issued by the circuit court for inspection of certain of defendants' records. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Milton I. Firestone, Thomas R. Wheeker,* and *Robert N. Rosenberg,* Assistants Attorney General, for plaintiffs.

*Frimet, Goren & Bellamy, P. C.,* for defendants.

Before: D. C. RILEY, P. J., and D. F. WALSH and A. C. MILLER,* JJ.

D. F. WALSH, J. The defendants appeal from a circuit court order requiring defendant Bernard Arden, D.O., to comply with a subpoena *duces tecum* issued by the Director of the Michigan

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Department of Social Services pursuant to MCLA 400.8; MSA 16.408.

On September 8 and 9, 1975, an administrative hearing was conducted to determine whether the defendants had received Medicaid payments for services not covered by the program and, if so, the amount of those overpayments. On January 8, 1976, the director issued the following decision and order:

### Decision

"The Opinion of the Administrative Law Judge and Recommendations in the above entitled matter have been read and considered, together with the entire record of the hearing. Said Opinion is attached hereto and, except for recommendation (3), is made a part hereof. It is my decision as follows: (1) the Department properly determined that the claimant billed and received payment from Medicaid for services not covered under the Program; (2) that the Department improperly determined the amount of the refund due; and (3) the Department will develop statistically valid and reliable sampling procedures and re-audit claimant's Medicaid account in order to determine the amount of the refund due."

### Order

"The actions of the Department as outlined in the attached Opinion of the Administrative Law Judge are upheld in part and reversed in part. Subject to any required approval by the Circuit Court retaining jurisdiction in the matter, it is ordered that the Department's refund procedures currently in effect against the claimant be rescinded, that a statistically valid and reliable sampling procedure be developed, that claimant's Medicaid account be re-audited, and that all monies previously withheld under the Department's gross adjustment procedure be paid over to the claimant."

The defendants did not appeal that order.

Pursuant to the above order, the department developed another sampling procedure and undertook a re-audit of the defendants' Medicaid account. The department then sought access to a randomly selected group of 50 of the defendants' patients' records. These records included, but were not limited to, notations regarding care rendered during the time period in question at the September hearing. Upon defendants' refusal of the department's request the director issued a subpoena for those records. It is from the court order enforcing that subpoena that the defendants appeal.

Defendants challenge the propriety of the subpoena on several grounds which rest on the premise that once the department failed to prove the amount of overpayment at the evidentiary hearing it could not relitigate the issue at a subsequent hearing. It is this premise that we address first.

On its face the director's order contemplates further action in the matter in that it looks toward a redetermination of the amount of overpayment after which the defendants would have the right to challenge the department's new statistical method. We find that his action constituted a continuance of the case in that it withheld a final determination on the amount of overpayment pending the development of a reliable method for calculating that amount.

The right of an administrative agency to continue a hearing from time to time is well recognized. *E.g., Kartman v Parratt,* 535 F2d 450 (CA 8, 1976), *Superior Oil Co v Foote,* 214 Miss 857; 59 So 2d 85; 37 ALR2d 415 (1952). The general rule regarding the grant of a continuance by an administrative agency is the same as that applicable to judicial proceedings. 2 Am Jur 2d, Administrative Law, § 426, p 236. Its decision will not be disturbed

absent an abuse of discretion. Compare *Brown v Air Pollution Control Board,* 37 Ill 2d 450; 227 NE2d 754; 33 ALR3d 222 (1967), with *Superior Oil Co v Foote, supra.*[1] In the instant case the continuance was ordered for good cause; consequently, we find no abuse of discretion.

Given the nature of the order defendants' argument that res judicata bars further hearing in this matter is unpersuasive. The cases cited in support of that argument[2] involved final orders wherein a matter was definitely resolved by an agency. In the case at bar the order specifically reserved resolution of the amount due pending redetermination. For purposes of res judicata such an order cannot be considered a final determination.[3]

The final issue is whether under these circumstances the director could properly issue the subpoena under the general departmental authority of MCLA 400.8; MSA 16.408.[4] Defendants argue

[1] *See, generally,* Davis, Administrative Law of the Seventies, § 8.08, p 281 (1976); Davis, Administrative Law Text (3d ed), § 8.06, p 201.

[2] *Senior Accountants, Analysts & Appraisers Association v Detroit,* 399 Mich 449; 249 NW2d 121 (1976), *Roman Cleanser Co v Murphy,* 386 Mich 698; 194 NW2d 704 (1972).

[3] Even if the director's order were to be construed as a final and binding order, MCLA 24.287(1); MSA 3.560(187)(1) empowers the agency to order a rehearing on its own motion. The limits of that power have not been addressed by any Michigan court, and we do not do so here other than to observe that res judicata has never been held to restrict such statutory authorization. *See,* 2 Am Jur 2d, Administrative Law, §§ 501, 522, 529, 531.

[4] "Sec. 8. Any member of the commission or the director may issue a subpoena requiring any person to appear and be examined with reference to any matter within the jurisdiction of the commission and within the scope of the inquiry or investigation being conducted by the said commission or director, and to produce any books, records or papers, pertinent to such inquiry. Any member of the commission, the director, or their duly authorized agents, may administer an oath to a witness in any pending matter. In case of disobedience of a subpoena, the commission or director may by petition invoke the aid of the circuit court of the county in which the witness resides, or the circuit court of the county in which the inquiry is being held, to require the attendance and testimony of witnesses and the production of books,

that if the director's order was not final, the subpoena provisions of the Administrative Procedures Act[5] are the exclusive source of an agency subpoena.

We disagree.

The purpose of the cited Administrative Procedures Act provisions is to grant parties in administrative proceedings access to the subpoena power necessary to permit them to procure and present all favorable relevant evidence. See *Indiana & Michigan Electric Co v Federal Power Commission,* 224 F Supp 166 (ND Ind, 1963), Davis, Administrative Law Text (3d ed), § 8.05, p 200, 2 Am Jur 2d, Administrative Law, §§ 419–420, pp 230–232. That legislative intention does not require

---

papers and documents. Any such circuit court of the state, may, in case of contumacy or refusal to obey a subpoena, issue an order requiring such person to appear and to produce books, records, and papers if so ordered and give evidence touching the matter in question. Any failure to obey such order of the court may be punished by such court as a contempt thereof."

[5] "Sec. 73. An agency authorized by statute to issue subpoenas, when a written request is made by a party in a contested case, shall issue subpoenas forthwith requiring the attendance and testimony of witnesses and the production of evidence including books, records, correspondence and documents in their possession or under their control. On written request, the agency shall revoke a subpoena if the evidence, the production of which is required, does not relate to a matter in issue, or if the subpoena does not describe with sufficient particularity the evidence the production of which is required, or if for any other reason sufficient in law the subpoena is invalid. Witness fees shall be paid to subpoenaed witnesses in accordance with section 2552 of Act No. 236 of the Public Acts of 1961, as amended, being section 600.2552 of the Compiled Laws of 1948. In case of refusal to comply with a subpoena, the party on whose behalf it was issued may file a petition, in the circuit court for Ingham county or for the county in which the agency hearing is held, for an order requiring compliance." MCLA 24.273; MSA 3.560(173).

"Sec 80. A presiding officer may:

\* \* \*

"(b) Sign and issue subpoenas in the name of the agency, requiring attendance and giving of testimony by witnesses and the production of books, papers and other documentary evidence." MCLA 24.280; MSA 3.560(180).

restriction of the agency's general subpoena authority. In situations analogous to the case at bar it has been held that the general investigative subpoena power of an agency is not restricted because of a concurrent adjudicatory proceeding concerning the same subject matter. *E.g., Federal Trade Commission v Waltham Watch Co,* 169 F Supp 614 (SDNY, 1959).

The order enforcing the subpoena is affirmed. No costs, a public question.