ATKINS v DEPARTMENT OF SOCIAL SERVICES

Docket No. 78-3699. Submitted June 12, 1979, at Lansing.—Decided
September 5, 1979.

Craig and Deborah Atkins applied to the Department of Social
Services for renewal of their license to operate a family day
care home. Their application was denied and they requested a
hearing. After an initial adjournment a hearing was scheduled
and the Atkinses and their attorney were properly notified of
the hearing. At the appointed time neither the Atkinses nor
their attorney appeared. The administrative law judge stated
on the record that he had been advised that the attorney had
contacted the hearings bureau and reported that he would be
able to attend a hearing later in the day and that he had been
advised that a change in time would be all right. The adminis-
trative law judge stated that neither he nor anyone else in the
bureau office had received either an oral or written request for
an adjournment, and proceeded with the hearing without the
presence of Mr. and Mrs. Atkins or their attorney. As a result
of the hearing, the denial of the license was upheld. This
decision was upheld on appeal by the Washtenaw Circuit Court,
Ross W. Campbell, J., and Mr. and Mrs. Atkins appeal. They
allege that they were denied due process of law by the adminis-
trative law judge's decision to conduct the hearing without
their being present, that the decision is not supported by
competent, material, and substantial evidence on the whole
record, that the department lacks the authority to deny the
license on the basis of a finding of unsuitability of Craig Atkins
where he is not directly responsible for the care of the children,
and that the administrative law judge's failure to grant a
provisional license was an abuse of discretion. Held:

1. The plaintiffs have alleged that the reason they were not
present at the hearing was that their attorney had been
granted an adjournment until later that day by an unidentified

REFERENCES FOR POINTS IN HEADNOTES
[1] 2 Am Jur 2d, Administrative Law §§ 398, 399, 414.
[2] 2 Am Jur 2d, Administrative Law § 549.
[3, 4] 1 Am Jur 2d, Administrative Law §§ 140, 186.
[5] 1 Am Jur 2d, Administrative Law §§ 140, 180, 186.

person at the hearings bureau whom the attorney spoke to by telephone. If so, the plaintiffs' absence would be justified and the hearing should not have been held without the plaintiffs present. Because it is a question of fact whether or not an adjournment had been granted by telephone, the case is remanded to the circuit court for a determination of whether or not an adjournment had been granted, and, if so, a new hearing is to be held.

2. The decision of the administrative law judge is supported by competent, material, and substantial evidence on the whole record.

3. The Department of Social Services properly scrutinized the suitability of Craig Atkins. Although he arguably would not be directly responsible for the care of the children, he is one of the applicants for a license and there is general statutory authority for questioning the competence of applicants.

4. The grant of a provisional license by an administrative law judge is a matter of discretion, and the plaintiffs have not demonstrated an abuse of discretion by the judge.

Remanded with instructions.

1. ADMINISTRATIVE LAW — HEARINGS — NOTICE — STATUTES.

A person entitled to an administrative hearing is also entitled to reasonable notice of that hearing; and, if a party fails to appear in a contested case after proper service of notice, the agency, if no adjournment is granted, may proceed with the hearing and make its decision in the absence of the party (MCL 24.271, 24.272[1]; MSA 3.560[171], 3.560[172][1]).

2. ADMINISTRATIVE LAW — APPEAL AND ERROR — COMPETENT, MATERIAL AND SUBSTANTIAL EVIDENCE — CONSTITUTIONAL LAW — STATUTES.

The standard of review of a decision of an administrative law judge is whether the decision is supported by competent, material and substantial evidence on the whole record (Const 1963, art 6, § 28, MCL 24.306[1][d]; MSA 3.560[206][1][d]).

3. ADMINISTRATIVE LAW — LICENSES — CHILD CARE ORGANIZATIONS — RULES — STATUTES.

The Department of Social Services has the authority to promulgate rules regarding the licensing of family day care homes and to disqualify applicants for licenses because of problems found to exist or which might exist within the day care home during any 24-hour period in which children are received for care (MCL 722.112[1]; MSA 25.358[12][1]).

4. ADMINISTRATIVE LAW — LICENSES — CHILD CARE ORGANIZATIONS — STATUTES — RULES.

> An administrative rule which requires that all persons living in a family day care home are to be of responsible character does not conflict with a statute which provides that administrative rules for licensing such homes are to be limited to scrutiny of those persons directly responsible for the care and welfare of the children served by the home; all relevant and pertinent aspects of the household should be examined in order to provide for the protection of children, and a person who was listed as one of the applicants for a license to operate a family day care home was properly scrutinized as to his competence to provide the necessary care for children even though he arguably would not be present in the home during the times when children would be present (MCL 722.112[3][b], [c]; MSA 25.358[12][3][b], [c]; 1975 AACS R 400.1302[2]).

5. LICENSES — ADMINISTRATIVE LAW — CHILD CARE ORGANIZATIONS — STATUTES — DISCRETION — APPEAL AND ERROR.

> The Department of Social Services has the discretion to issue or not to issue a provisional license to a child care organization which is seeking renewal of its license and which is temporarily unable to conform to the rules governing such licensees, and the department's decision should not be interfered with absent a demonstrated abuse of that discretion (MCL 722.117; MSA 25.358[17]).

*Garris & Garris,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Janis Meija* and *R. Philip Brown,* Assistants Attorney General, for defendant.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

ALLEN, P.J. Plaintiffs, Craig Atkins and his wife Deborah, appeal from a circuit court judgment affirming an order issued by an administrative law

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

judge upholding the decision of the defendant, Michigan Department of Social Services, which denied renewal of plaintiffs' license to operate a family day care home.

On April 21, 1977, defendant denied plaintiffs' request for renewal of a family day care home license because of "substantial non-compliance with § 5 of [1973 Public] Act 116 and Rule 400.1302". Plaintiffs appealed this administrative determination and requested a hearing for review of their license application.

A hearing on the matter was scheduled for 10 a.m., August 24, 1977, before the Department of Social Services, Bureau of Administrative Hearings. Written notice of the hearing was sent by registered mail to the plaintiffs and their attorney pursuant to MCL 722.121(2); MSA 25.358(21)(2), MCL 24.271; MSA 3.560(171). On the face of this notice was stated: "PLEASE BE ON TIME FOR THIS HEARING". Lengthy instructions also appear on the notice and read in pertinent part:

"POSTPONEMENTS: If good reasons exist which prevent you from appearing at the hearing, you should request a postponement from the Department of Social Services, Bureau of Administrative Hearings, 300 S. Capitol Avenue, Lansing, Michigan, 48926, or telephone (517) 373-0722. No request for postponement will be granted unless good and sufficient grounds are shown.

"APPEARANCES:

* * *

"Failure to attend this hearing may result in dismissal of the appeal for claimant for public assistance or services, or a decision against you in a licensing case."

On August 24, 1977, all parties to the action were present for the hearing, including witnesses, the

plaintiffs and counsel for the defendant. However, plaintiffs' attorney did not appear because he was detained in circuit court. The administrative law judge adjourned the meeting because plaintiffs would not proceed without their attorney. On September 9, 1977, a notice of change in the date of hearing was mailed to plaintiffs' attorney. The rescheduled hearing was set for 10 a.m., on October 14, 1977. This notice states *"YOU MUST BE ON TIME FOR THIS HEARING"*.

At 10 a.m., on October 14, 1977, representatives of the defendant department, its attorney and witnesses were present for the hearing on this matter. However, neither the plaintiffs nor their attorney appeared at the hearing. The administrative law judge stated on the record that he had just been advised that plaintiffs' attorney was just in contact with the Bureau of Administrative Hearings and reported that he was unable to attend the hearing until 2 p.m. that afternoon because of another commitment, and that prior to the date of the hearing he had telephoned "somebody in the Bureau of Administrative Hearings and asked them to have the time changed from 10:00 a.m. to 2:00 p.m., and that some unidentified person in the Bureau of Administrative Hearings said that was all right". The administrative law judge proceeded with the hearing, observing that neither he nor anyone in the bureau office had received either an oral or written request for an adjournment by plaintiffs' counsel. As authority for this action the administrative law judge cited § 72(1) of the Administrative Procedures Act, MCL 24.272(1); MSA 3.560(172).

During the subsequent hearing numerous witnesses testified about the circumstances surrounding plaintiffs' current reapplication for a family

day care home license. Numerous exhibits were also introduced into evidence on behalf of the defendant department.

On January 24, 1978, the administrative law judge upheld the decision of the defendant denying plaintiffs' application, ruling in a lengthy opinion that the plaintiffs did not meet the eligibility standards for a family day care home license pursuant to 1975 AACS R 400.1302, and 1973 PA 116, § 5. After summarizing the evidence and making specific findings of fact he concluded:

"The fact that appellant Craig has a history of heroin addiction and continues to use drugs, has not been demonstrating any significant improvement in more than two years, has a severe personality disorder, cannot cope with stress and is immature amply demonstrates that appellant Craig is not responsible, and does not have the character to assure the welfare of day care children in the home."

A motion for rehearing with the administrative law judge and an appeal to the circuit court were decided adversely to the plaintiffs' position. They appeal these rulings to this Court as of right.

A number of issues are raised on appeal. However, one merits particular analysis because it may be dispositive of the others. Specifically, plaintiffs contend that it was a violation of their constitutional right to due process of law for the administrative law judge to conduct the hearing on the licensing denial without the presence of the plaintiffs and their attorney. In particular, plaintiffs claim that they should not be denied their right to attend the hearing because their absence from the hearing was due to their good faith reliance on the department's own rule permitting a party to obtain a continuance by merely telephoning the

office of the Administrative Hearing Bureau. Defendant responds by asserting that plaintiffs waived their right to be present at the hearing by their failure to appear and that, in any event, they failed to adequately establish that their absence from the hearing was due to a continuance granted by telephone conversation with the Bureau of Administrative Hearings.

The Michigan Constitution, *Napuche v Liquor Control Comm,* 336 Mich 398; 58 NW2d 118 (1953), and the Michigan Administrative Procedures Act, MCL 24.271; MSA 3.560(171), require that a person entitled to an administrative hearing be accorded the correlative right of reasonable notice of that hearing. Review of the record clearly indicates, and plaintiffs do not contest, that the Department of Social Services complied with the statutory requirement providing for written notice of the license hearing and that the plaintiffs were provided with the opportunity to attend the hearing. MCL 24.271; MSA 3.560(171). Plaintiffs were given proper notice of the time, place, and nature of both the original and rescheduled hearing. Section 72(1) of the Administrative Procedures Act states:

"If a party fails to appear in a contested case after proper service of notice, the agency, if no adjournment is granted, may proceed with the hearing and make its decision in the absence of the party." MCL 24.272(1); MSA 3.560(172)(1).

In the instant case the record fails to reveal the existence of any properly granted adjournment of the 10 a.m. hearing scheduled for October 14, 1977. As such, it would appear that the administrative law judge did not err in his decision to "proceed with the hearing and make its decision in the absence of the party". Since plaintiffs were

given notice of the hearing sufficiently in advance of the scheduled proceedings, thus giving them a reasonable opportunity to appear and present their case at the hearing, their right to "rudimentary due process" would at first blush appear to have been properly protected. *McMullen v Secretary of State,* 339 Mich 175; 63 NW2d 599 (1954), *Sponick v Detroit Police Dep't,* 49 Mich App 162, 188-189; 211 NW2d 674 (1973). However, based on the peculiar facts of this case, we cannot be satisfied with this initial conclusion. Although the statutory procedure set out in the child care organization act, 1973 PA 116; MCL 722.111 *et seq.;* MSA 25.358(11) *et seq.,* and the Administrative Procedures Act, 1969 PA 306; MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* comports with all constitutional aspects of due process, it would seem that the plaintiffs have established a prima facie case that their due process right to be present at the administrative hearing may have been violated because of compliance with the defendant's own *rules.* As noted on the face of the "notice of hearing" sent by the Department of Social Services, the plaintiffs were instructed that if they had a good reason for not appearing at the administrative hearing they should request a postponement from the department, either by written request to the given address or "telephone (517) 373-0722". No procedure for verifying requests made or granted over the telephone is provided.

Plaintiffs assert that the reason for their nonattendance at the 10 a.m. hearing on October 14, 1977, was that their attorney had telephoned the Administrative Hearing Bureau pursuant to these instructions and had obtained an adjournment until 2 p.m. that same afternoon. If this assertion is true and an adjournment was indeed granted,

then the plaintiffs' absence from the hearing would be justified on the basis that a proper postponement had been granted.[1] Likewise, if the telephone adjournment had not been granted as claimed by defendants, then the administrative law judge was completely justified in proceeding with the hearing in the absence of the plaintiffs or their attorney. MCL 24.272(1); MSA 3.560(172)(1).

Generally, a party requesting a postponement of an administrative agency hearing must do so in writing. *Dep't of Social Services v Arden,* 81 Mich App 210; 265 NW2d 91 (1978), GCR 1963, 503, see 1975 AACS R 400.915. However, according to the notice form sent to the plaintiffs' attorney, he was able to make his request by telephone. On the one hand, plaintiffs' attorney has submitted an affidavit attesting to the fact that he obtained a telephone adjournment from the Bureau of Administrative Hearings. On the other hand, the record reflects that on the morning of the rescheduled hearing the administrative judge investigated the issue with the bureau staff and determined that no such continuance had been granted.[2] Obviously,

---

[1] We express no opinion as to the propriety of granting or refusing a motion to postpone an administrative hearing on the grounds asserted by plaintiffs' counsel in his affidavit, *i.e.,* prior commitment at a court in another location. However, see *Bauman v Grand Trunk Western R Co,* 363 Mich 604; 110 NW2d 628 (1961), *McLay v McLay,* 354 Mich 19; 91 NW2d 824 (1958), Anno: *Right to continuance because counsel is in attendance at another court,* 112 ALR 593.

[2] The administrative record reflects the circumstances surrounding the administrative law judge's decision to proceed with the hearing in the absence of plaintiffs or their attorney, David Goldstein:

"I've just been advised by the Deputy Director of the Bureau of Administrative Hearings, Judge Griffin, that David Goldstein contacted him just a few minutes ago, said that he thought that this matter was scheduled for 2:00 this afternoon and that he would not be here at this time; however, he would be prepared to proceed in this matter at 2:00 this afternoon. The reasons he gave to Judge Griffin were that he had called somebody in the Bureau of Administrative Hearings and asked them to have the time changed from 10:00 AM to 2:00 PM and that some unidentified person in the Bureau of Adminis-

the issue of whether such a continuance was granted presents a question of fact. Accordingly, we remand the case to the circuit court for a hearing on the issue of whether the plaintiffs' attorney was actually granted a continuance over the telephone until 2 p.m., October 14, 1977, consistent with the instructions found on the notice of hearing sent to the plaintiffs and their attorney. MCL 24.306; MSA 3.560(206). If it is determined that such a continuance was granted to the plaintiffs, then it must be concluded that the hearing was held in violation of the plaintiffs' due process rights as provided by the department's own regulations, and a new evidentiary hearing is ordered. However, if it is determined that no continuance was granted, then the decision of the administrative law judge dated January 24, 1978, should be affirmed for the reasons discussed hereafter.

In light of the foregoing instruction we proceed to the merits of plaintiffs' other allegations of error assuming, *arguendo,* that the administrative hearing is determined on remand to have been properly conducted.

First, plaintiffs claim that the decision of the administrative law judge is not supported by competent, material, and substantial evidence on the whole record. Const 1963, art 6, § 28; MCL 24.306(1)(d); MSA 3.560(206)(1)(d), *Soto v Director of the Michigan Dep't of Social Services,* 73 Mich App 263; 251 NW2d 292 (1977). We disagree. Careful review of the entire administrative record indicates that there was evidence which a reasoning

trative Hearings said that was all right; however those persons authorized by the Bureau to adjourn such matters have no knowledge of such telephone call and there's no note in the record of a telephone call. I personally did not receive a telephone call from somebody in Mr. Goldstein's office and I asked and was advised that the Director of the Bureau of Administrative Hearings and that Judge Griffin did not receive any information along that line."

mind could accept as sufficient to support the conclusion that the "services and facilities [of the plaintiffs would not be] conducive to the welfare of the children". This conclusion is particularly relevant with respect to the factual findings dealing with the "character, suitability, training and qualification of the applicant", Craig Atkins. MCL 722.115; MSA 25.358(15).

Next, plaintiffs claim that the decision of the administrative agency exceeded its statutory authority. In particular, plaintiffs contend that the defendant lacks the authority to deny applicants a family day care home license where one of the applicants who is, assuming *arguendo, generally unsuitable for approval, is nevertheless not "directly* responsible for the care and welfare of the children", MCL 722.112(3)(b); MSA 25.358(12)(3)(b).

1973 PA 116 is:

"An act to provide for the protection of children through the licensing and regulation of child care organizations; to provide for the establishment of standards of care for child care organizations * * *."

One of the standards designated by § 5(1) of the child care organizations act states that a license can be granted only if the department is satisfied as to the good character and intent of the applicant, and that the services and facilities are conducive to the welfare of the children. MCL 722.115(1); MSA 25.358(15)(1). Since by definition a "family day care home" is a private home in which one to seven minor children are received for care and supervision for periods of less than 24 hours a day, MCL 722.111(f)(iii); MSA 25.358(11)(f)(iii), it follows that the Department of Social Services has the authority to promulgate rules and to disqualify applicants for problems found to exist or which

might exist within the day care home during that 24-hour period. MCL 722.112(1); MSA 25.358(12)(1). No doubt this is the reason for promulgation of 1975 AACS R 400.1302(2), which states "[a]ll persons living in the home shall be of responsible character to assure the welfare of children".

Plaintiffs contend that this provision is impermissibly broad in light of another statutory mandate which states:

"The rules promulgated under this act shall be restricted to:

\* \* \*

"The character, suitability, training, and qualifications of applicants and other persons *directly* responsible for the care and welfare of children served." MCL 722.112(3)(b); MSA 25.358(12)(3)(b). (Emphasis added.)

Plaintiffs argue that Administrative Rule 1302(2) extends the department's inquiry to include the character of all persons living in the family day care home when the statute clearly limits the promulgation of administrative rules to consideration of only those persons who are "directly responsible" for the children.

On its face, this contention appears to be valid. However, it must be noted that in the case at bar the administrative law judge's decision was based upon the specific rule under scrutiny as well as the general statutory provision which denies a license if the department is not satisfied that the "services and facilities are conducive to the welfare of the children". MCL 722.115(1); MSA 25.358(15)(1). Moreover, § 2(3)(c) of the child care organizations act states that rules promulgated under the act shall be restricted to "[t]he general financial ability and competence of applicants to provide necessary care for children \* \* \*". MCL 722.112(3)(c);

MSA 25.358(12)(3)(c). Since plaintiff Craig Atkins was listed as one of the applicants for a license, it follows that his competence to provide the necessary care for children was properly scrutinized by the administrative law judge. Finally, while it is difficult to reconcile the challenged administrative rule with the statutory restriction found in § 2(3)(b) of the act, it would seem to work an absurd result if the department is precluded from scrutinizing other residents of the family day care home simply because they are not "directly responsible" for the care and welfare of the children served. See *Department of Natural Resources v Seaman,* 396 Mich 299, 309; 240 NW2d 206 (1976). Rather, the whole thrust of the act seems to be that all relevant and pertinent aspects of the household should be examined in order to provide for the "protection of children", even if it means challenging the character qualification of a resident who might be present during any time in the "less than 24 hour" period when the cared-for children are also there. *Coffman v State Board of Examiners in Optometry,* 331 Mich 582, 591; 50 NW2d 322 (1951). Therefore, we conclude that administrative rule 1975 AACS R 400.1302(2) is not in conflict with § 2(3)(b) of the child care organizations act. MCL 722.112(3)(b); MSA 25.358(12)(3)(b).

Finally, plaintiffs argue that the administrative law judge abused his discretion in failing to grant them a provisional license, instead denying outright the regular license. We disagree. Although a provisional license must be issued to a new organization during the first six months of its child care home operation, the Department of Social Services has discretion to decide if such a license is to be issued to an organization which is seeking a

renewal of its license and "which is temporarily unable to conform to the rules". MCL 722.117; MSA 25.358(17). Review of the record and the administrative law judge's decision based thereon persuades us that his decision was based on fact and logic indicating a well-reasoned exercise of judgment. *Wendel v Swanberg,* 384 Mich 468, 476; 185 NW2d 348 (1971). Absent a demonstrated abuse of discretion we refrain from interfering with the decision reached below.

The matter is remanded to the circuit court with instructions to conduct a hearing on the factual issue of whether counsel for plaintiffs had telephoned the Administrative Hearing Bureau and obtained an adjournment of the 10 a.m. hearing on October 14, 1977. Following this hearing and a factual determination by the circuit court judge, the court is ordered to proceed in accordance with the instructions stated herein.

No costs, a public question being involved.

This Court does not retain jurisdiction.