### ROBERTSON v. UNITED FUEL & SUPPLY CO.

1. PLEADING —NEGLIGENCE—INCONSISTENT COUNTS MAY BE PLEADED AGAINST DIFFERENT DEFENDANTS WHEN IN DOUBT AS TO WHICH IS LIABLE.

Where a pleader is confronted with an uncertainty as to which of two defendants concerned in an accident occasioning injury to plaintiff should be charged to respond in damages, he may charge both defendants, but should employ separate counts, and any inconsistency in doing so is saved from defeating his action by Circuit Court Rule No. 27, § 7; but the pleader should intimate the uncertainty leading him to employ counts inconsistent in their statements.

2. SAME — TRIAL — ADMISSIONS — CONTRIBUTORY NEGLIGENCE —DIRECTED VERDICT.

Where plaintiff pleaded inconsistent counts against his

employer and another, in an action for personal injuries, the trial court was in error in directing a verdict in favor of the other defendant on the ground that the count against the employer was an admission of negligence on the part of the employer, who was driving the car in which plaintiff was riding when injured, which was im-putable to plaintiff; nor was said error cured by a verdict subsequently rendered against the employer.

3. SAME—WAIVER.
Although plaintiff proceeded against his employer alone and recovered judgment, he did not thereby waive his right to have a review of the judgment of the trial court discharging the other defendant.

4. NEGLIGENCE—MASTER'S NEGLIGENCE NOT IMPUTABLE TO SERVANT.
The negligence of the master, in driving, is not, as a matter of law, imputable to the servant riding with the master in the course of his employment, where the servant did not participate in the driving or degree of care exercised.

Error to Wayne; Goff (John H.), J. Submitted January 20, 1922. (Docket No. 116.) Decided March 31, 1922.

Case by James Robertson against the United Fuel & Supply Company and William F. Wicks and Philip F. Weltin, individually and as copartners, for personal injuries. Judgment for plaintiff against defendants Wicks and Weltin on a verdict by the jury, and for defendant United Fuel & Supply Company on a directed verdict. Plaintiff brings error. Reversed.

*Harry M. Stone* and *N. Calvin Bigelow* (*F. E. Rankin*, of counsel), for appellant.

*Ezra H. Frye*, for defendants Wicks and Weltin.

*Stevens T. Mason*, for defendant United Fuel & Supply Co.

WIEST, J. Plaintiff hired out to defendants Wicks and Weltin for a day, to aid them in their light truck-

ing business, and while about such work, riding on one of their trucks driven by defendant Weltin, going north on Cass avenue in the city of Detroit, they approached a place where a wagon belonging to the defendant United Fuel & Supply Company was backed up to or just over the curb on the west side of the street with the team facing the center of the street, and just as the truck was about to pass, the team was suddenly started and the wagon tongue struck and overturned the truck and plaintiff was injured.   In the declaration filed it was charged in the first count that the accident was wholly caused by the negligence of the defendant United Fuel & Supply Company; in the second count it was charged the accident was wholly the result of the negligence of defendants Wicks and Weltin in driving the truck, and in the third count defendants were jointly charged with negligence.   At the close of plaintiff's proofs the trial judge directed a verdict of not guilty as to the United Fuel & Supply Company, on the ground the count against defendants Wicks and Weltin was an admission that the driver of the truck was guilty of negligence, and such negligence was imputable to plaintiff. Thereupon plaintiff offered further proof against defendants Wicks and Weltin, and recovered a verdict against them for $1,000.

The case is here on writ of error sued out by plaintiff, and he asks that the judgment in his favor and the verdict and judgment in favor of the United Fuel & Supply Company be reversed and the case sent back for a new trial.

Plaintiff insists he had a right to frame the declaration with inconsistent counts and to have such relief as the facts warranted at the trial.   In support of this position he invokes Circuit Court Rule No. 21, § 7, which provides:

"Inconsistent causes of action or defenses are not objectionable, and when the party is in doubt as to which of two or more statements of fact is true, he may in separate counts or paragraphs allege or charge facts although the same may be inconsistent with other counts or paragraphs in the same pleading, and will be entitled to such relief as the facts may warrant, under either count or paragraph."

The rule mentions inconsistent causes of action and the question arises as to what this term means. In *Post* v. *Campau,* 42 Mich. 90, it was held:

The elements of a cause of action are (1) a breach of duty to another, and (2) a damage to the latter resulting from it.

The use of the term in the rule does not have reference to the right of the plaintiff to institute an action; but to the state of facts which give him a right to sustain an action. See 1 C. J. p. 937.

This provision in the rule is new and intended to avert the former risk of a pleader determining at his peril which of two or more statements of fact is true. If such is its purpose, and the pleader in separate counts alleges and charges inconsistent facts, the charge in one count cannot be taken as an admission against the charge in another count. If that is done then the rule is a snare instead of an aid. If the United Fuel & Supply Company could invoke the charge of negligence in the count against Wicks and Weltin as an admission absolving it from liability, then Wicks and Weltin had the same right to claim the charge against the United Fuel & Supply Company constituted an admission of their non-liability, and plaintiff would "fall between two stools."

We are of the opinion that, where the pleader is confronted with an uncertainty as to which of two defendants concerned in an accident occasioning injury to a plaintiff should be charged to respond in damages, he may charge both defendants, but should employ

separate counts, and any inconsistency in statements in doing so is saved from defeating his action by the court rule mentioned.   The pleader should, however, intimate the uncertainty leading him to employ counts inconsistent in their statements.

The learned circuit judge was in error in considering the charge against Wicks and Weltin as an admission of negligence on the part of the driver, of the truck and imputable in law to plaintiff and a bar to his right to maintain his suit against the United Fuel & Supply Company.   The error in so directing a verdict in favor of the United Fuel & Supply Company was not cured by the verdict subsequently rendered against Wicks and Weltin.   The plaintiff now has a right, on account of such error, to go back with his case to the point where he was erroneously turned from the course he had a right to pursue.

The case is somewhat complicated by the fact that the plaintiff proceeded under the second count and recovered judgment against the defendants Wicks and Weltin.   In doing this, however, he did not waive his right to have a review of the judgment of the trial court discharging the defendant United Fuel & Supply Company.

It is urged the judgment against Wicks and Weltin has determined the non-liability of the defendant United Fuel & Supply Company, because, if the accident happened by reason of the negligence of the driver of the truck, such negligence, in law, is imputed to the plaintiff who was riding on the truck.

It appears that plaintiff at the time of the accident was in the employ of the defendants Wicks and Weltin, and he was riding on the truck in pursuance of his employment, and it is claimed in his behalf that the rule imputing the negligence of the driver to one riding with him does not apply in case of employer and employee when the employer is driving.

Our attention is called to *Lundergan* v. *Railroad Co.*, 203 Mass. 460 (89 N. E. 625), holding that the negligence of the master in driving is imputable to the servant riding with him. In that case the servant actively participated in judging whether the vehicle could safely proceed, and it was held both the employer and employee failed to exercise due care.

It is stated in 20 R. C. L. p. 159:

"If the relation of master and servant exists between the passenger and the driver—that is to say, if the passenger is the master and the driver is his servant—and the latter's negligence contributes to the injury the former suffers through the negligence of a stranger, the driver's negligence is imputable to the passenger, and the stranger is not liable."

This, we think, is the true meaning of the expression so often encountered in the books, to the effect that the relation of master and servant makes the driver's negligence imputable to the passenger. But this does not mean that an employee riding on a truck driven by his employer and while about the business he is hired to do, and has no charge of the truck and cannot direct its operation, is imputable with the negligence of his employer.

It is stated in a foot note in 8 L. R. A. (N. S.) 638:

"While the negligence of a servant driving is imputable to his master riding in the vehicle, the negligence of the master driving is not imputable to the servant. The servant has no control over the master."

In 29 Cyc. p. 545, it is said:

"The negligence of the master will not be imputed to a servant so as to prevent recovery by the latter for injuries sustained by a third person," citing cases, including *Philip* v. *Heraty*, 135 Mich. 446.

In *Lake Shore, etc., R. Co.* v. *Miller*, 25 Mich. 274, the court stated that defendant in error was guilty of negligence in fact, and while it is also stated she was

in the employ of the driver of the wagon struck by the train, there is nothing to show whether she was with him in the course of such employment or merely on her way to town for her own convenience.   We have examined the original record in the office of the clerk and find the following testimony was given upon that point:

"*Q.* Did you live with Mr. Eldridge some time?
"*A.* No, sir.
"*Q.* How long?
"*A.* I had just went there to help them clean house. I was to work in Coldwater.   *   *   *
"*Q.* Where were you going at that time?
"*A.* Coming to Coldwater to Mr. Kibbes.
"*Q.* Where were you going?
"*A.* I was coming from the Black Hawk mills and going to Coldwater."

Upon consideration of the cases bearing upon the question, we hold the negligence of the master, in driving, is not, as a matter of law, imputable to the servant riding with the master in the course of his employment.   Circumstances may be such, however, by way of participation by the servant in the driving or degree of care exercised, as to constitute the negligence of the master as well the negligence of the servant riding with him.

The judgment in favor of defendant United Fuel & Supply Company and the judgment against defendants Wicks and Weltin are both reversed and a new trial granted, with costs to plaintiff against defendant United Fuel & Supply Company.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.