OBREMSKI *v.* DWORZANIN.

1. APPEAL AND ERROR—JUDGMENT FOR DEFENDANT AT CONCLUSION OF
   PLAINTIFF'S OPENING STATEMENT—PLEADING—EVIDENCE.
   In reviewing a judgment for defendant at the conclusion of the
   opening statement by plaintiff's attorney, it is assumed that
   all material facts alleged by plaintiff are true and also that all
   facts asserted in the opening statement of his attorney are
   true.

2. TRIAL—PLEADINGS—OPENING STATEMENT—QUESTIONS OF FACT.
   In an action for damages for breach of contract where pleadings
   and opening statement of plaintiff's counsel presented ques-
   tions of fact that could be determined only by a trial on the
   merits, it was error to grant defendants' motion for judgment
   at the close of the opening statement by plaintiff's counsel.

3. ACCORD AND SATISFACTION—INTENT—QUESTION OF FACT—PLEAD-
   INGS—OPENING STATEMENT.
   Whether or not defendants' return of down payment on con-
   tract for sale of realty, personalty and cafe business and
   plaintiff's return of abstract after plaintiff had commenced
   action for breach of contract was intended to operate as a
   mutual accord and satisfaction and as a discharge of all lia-
   bility of each against the other was a question of fact deter-
   minable by a trial on the merits where plaintiff's allegations
   and opening statement denied that such was the intent as
   claimed in defendants' answer.

4. CONTRACTS—BREACH—DAMAGES—QUESTIONS OF FACT—TRIAL—
   PLEADINGS—OPENING STATEMENT.
   Where pleadings and opening statement of plaintiff's attorney
   raised questions of fact as to whether or not either of the
   parties had failed to perform agreement of sale and purchase
   of realty, personalty and cafe business and what damages, if
   any, plaintiff could establish in event defendants were found
   to have breached the agreement, it was error to grant defend-
   ants' motion for judgment at the conclusion of the opening
   statement by plaintiff's attorney.

Appeal from Wayne; Murphy (George B.) J. Submitted January 8, 1946. (Docket No. 12, Calendar No. 43,200.) Decided March 4, 1946.

Assumpsit by Frank Obremski against Michael Dworzanin and wife for damages for breach of contract. Judgment for defendants after opening statement. Plaintiff appeals. Reversed and new trial granted.

*Asher L. Cornelius,* for plaintiff.

*Harry S. Bennett* and *Maxwell I. Silverstein,* for defendants.

STARR, J. Plaintiff appeals from a judgment entered by the trial court on defendants' motion made at the conclusion of the opening statement of plaintiff's attorney.

On March 31, 1944, these parties entered into a written agreement whereby defendants agreed to sell and plaintiff to purchase certain real estate, personal property, and the cafe business located at 8034 Michigan avenue, Detroit, for a price of $18,400. The agreement acknowledged receipt of a payment of $1,500 to apply on the purchase price, and provided for payment of $7,900 upon execution of a land contract and the balance in monthly instalments of $90 each with interest at six per cent. The contract also contained the following provision:

"In the event that the sellers or buyers will decline to close the deal, the refusing party have to pay the other party $1,500 as liquidated damages."

In June, 1944, plaintiff began the present suit, in which he declared on the common counts in assumpsit and for liquidated damages under the above-

quoted provision of the agreement. He alleged that defendants had refused to carry out their agreement to sell, and asked for a judgment of $1,500. Defendants answered, denying that they had refused to perform the agreement and alleging, by way of affirmative defense, that plaintiff had refused to perform and that the provision for liquidated damages was illegal and void. In November, 1944, plaintiff filed an amended declaration in which he declared on the common counts and for liquidated damages under the above-quoted provision, and also for the $1,500 down payment. In this amended declaration he asked for a judgment of $3,000.

On December 11th plaintiff returned the abstract of title covering the property in question to defendants' agent and accepted a return of the $1,500 down payment, for which he gave the following receipt:

"Received of Michael Dworzanin $1,500 refund of deposit given for purchase price of property and business at 8034 Michigan avenue, Detroit."

On December 19th defendants filed answer to the amended declaration, denying that they had refused to perform the agreement and alleging, by way of affirmative defense, that the return of the abstract of title to them and the return of the down payment to plaintiff operated as mutual release, which discharged each of the parties from all liability under the agreement. On December 28th plaintiff filed a second amended declaration in which he claimed liquidated damages of $1,500 and, in the alternative, asked for a judgment of $10,000 as damages for defendants' breach of agreement. Defendants answered this second amended declaration, denying liability for liquidated damages and alleging that the return of the abstract of title and the down payment constituted mutual accord and satisfaction and

discharged each of the parties from all liability. Subsequently defendants filed an amended answer to the second amended declaration, in which they further alleged that the contract in question was void under the statute of frauds.*

The case came on for trial before the court without a jury, and an extended colloquy occurred between the trial judge and counsel for the parties, as to whether or not the opening statement of plaintiff's attorney set forth a cause of action. As defendants' motion for judgment was granted at the conclusion of the opening statement, it is necessary to show in some detail what occurred at that time. Plaintiff's attorney first stated the facts which he intended to prove relative to the preparation and execution of the agreement of sale and purchase and the refusal of defendants to perform. He then stated:

"We brought suit for the damages and we first sued only for the liquidated damages. * * * Mr. Bennett (defendants' attorney) came in with a defense, this was a unilateral clause, that his client hadn't signed it, and that it was a penalty anyway. * * *

"When Mr. Bennett raised that defense, then we filed an amended declaration and asked for general damages. If the clause (for liquidated damages) was held invalid, then we would certainly be entitled to collect any general damages we are able to establish, which I understand would be the difference between the market value of the property and the price we agreed to pay. * * *

"After suit had been filed and when the matter was about to come up on the pretrial docket, I called up Harry Bennett, attorney for the defendant[s], and told him I was going to amend my declaration,

---

* See 3 Comp. Laws 1929, § 13413 (Stat. Ann. § 26.908).—RE-PORTER.

or had amended, asking to recover on the $1,500 deposit made. Bennett said to me, 'Well, you don't have to do that. We will return your $1,500 any time.' He then said, 'I will call up Mr. Jaworski (defendants' agent) and tell him if your client comes over there, to surrender the $1,500 to him.' And I called up my client and told him to go over and get the $1,500 and to give them the abstract.* * *

"I then filed, following this, an amended declaration, * * * counting on the liquidated damage clause, and counting upon the general damages, if the liquidated damage clause was not upheld. I think that is all that occurs to me now that should go in the opening statement."

At this point defendants moved for entry of judgment in their favor, on the ground that in his opening statement plaintiff's attorney did not claim that plaintiff had tendered the $7,900 cash payment and demanded a land contract, and on the further ground that the return of the $1,500 down payment to plaintiff and the return of the abstract of title to defendants constituted a mutual accord and satisfaction and discharged each of the parties from all liability. The trial court refused to take testimony offered by plaintiff, on the ground that his attorney in his opening statement had not stated a cause of action. In granting defendants' motion for judgment, the court said in part:

"While the case was at issue, the $1,500 paid by the plaintiff to the defendants was repaid to the plaintiff, and the abstract loaned to the plaintiff by the defendants was returned to the defendants by the plaintiff. This put the parties, in my opinion, in *status quo ante*. It amounted, in law, to either settlement by way of accord and satisfaction, or rescission. In either event, the contract between the parties was terminated. In a word, the actions and doings of the parties, as above reflected, was tan-

tamount to a settlement between the parties and the contract was terminated.''

Plaintiff's motion for a new trial was denied, and he appeals. The only question before us is whether or not the trial court erred in granting defendants' motion for a judgment in their favor at the conclusion of the opening statement of plaintiff's attorney. In reviewing a judgment thus entered, we assume that all material facts alleged by plaintiff are true and also that facts asserted in the opening statement of his attorney are true. In *Leonard* v. *Beaudry,* 68 Mich. 312, 323, we said:

''It is not good practice to decide a case upon the opening of counsel, and the cases are exceptional where it can be safely done.''

See, also, *Strachan* v. *Meyering,* 168 Mich. 253; 129 A. L. R. pp. 558–562.

The pleadings and the opening statement of plaintiff's attorney clearly presented a question of fact as to whether or not the parties intended that the return of the abstract of title to defendant and the return of the down payment of $1,500 to plaintiff should operate as a mutual accord and satisfaction and as a discharge of all liability of each against the other. The record indicates that there was no dispute as to plaintiff's right to a return of the down payment, but it does not show whether or not the return of the payment was intended to operate as a full settlement and discharge of all liability. The intent of the parties could be determined only by a trial on the merits.

Furthermore, the pleadings and opening statement of plaintiff's attorney raised questions of fact as to whether or not either of the parties had failed to perform the agreement of sale and purchase. Question was also raised as to what damages, if any,

plaintiff could establish in the event defendants were found to have breached the agreement. In their answer to plaintiff's motion to advance the case defendants admitted that questions of fact were involved by stating that "plaintiff's cause of action involves numerous questions of fact and law which will be contested by the introduction into evidence [of] the testimony of several witnesses."

Assuming that the material facts alleged by plaintiff were true, and that he could establish by competent evidence the facts which his attorney asserted in his opening statement, we are convinced that the trial court erred in granting defendants' motion for judgment at the conclusion of the opening statement. It is clear that the rights of the parties involved in this case can be properly determined only by a trial upon the merits.

The judgment for defendants is reversed and a new trial granted. Plaintiff may recover costs of both courts.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and NORTH, JJ., concurred.