MAY v CITY OF GROSSE POINTE PARK

Docket No. 54466. Submitted May 5, 1982, at Detroit.—Decided November 19, 1982.

Alan A. May, as administrator of the estate of Dennis T. Drakeford, deceased, brought an action for wrongful death against the City of Grosse Pointe Park and Thomas G. Schenkel in Wayne Circuit Court. The decedent, a 13-year-old boy, was struck and killed by a Grosse Pointe Park city garbage truck. The court, William J. Giovan, J., instructed the jury that the decedent's two parents and three siblings were the next of kin who could recover damages if the defendants were found liable. The court entered a judgment on a jury verdict for the plaintiff and denied defendants' motion for a new trial or *remittitur.* Defendant City of Grosse Pointe Park appeals alleging that the verdict was excessive and influenced by passion or prejudice, the trial judge abused his discretion in denying the motion for a new trial or *remittitur,* and the trial judge erred in instructing the jury that the decedent's three siblings could recover damages for loss of society and companionship. *Held:*

1. The jury's verdict was not excessive or influenced by passion or prejudice. The wrongful death act provides for compensation for the loss of society and companionship and no precise formula exists for determining the loss of society and companionship. The jury's verdict does not seem unreasonable. The award is within the limits of what reasonable minds might deem just compensation for the imponderable loss of the society and companionship of a 13-year-old boy.

2. The trial judge did not abuse his discretion in declining to grant a new trial or to order *remittitur.*

3. The trial court did not err in instructing the jury that the

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 35-37.
5 Am Jur 2d, Appeal and Error §§ 837, 939 *et seq.*
Jurisdictional amount for appellate review as affected by plaintiff's abandonment of claim, wholly or in part. 58 ALR2d 177.
[2, 3] 22 Am Jur 2d, Death §§ 121 *et seq.,* 135, 267.
[4] 4 Am Jur 2d, Appeal and Error §§ 533, 535.
[5] 22 Am Jur 2d, Death § 182.

decedent's three siblings could recover damages for the loss of society and companionship. Siblings of a deceased may recover in a wrongful death action even if the decedent's parents are still alive.

Affirmed.

1. APPEAL — EXCESSIVE VERDICT — NEW TRIAL — *REMITTITUR.*

The appropriate standard of review for a defendant's claims on appeal that the jury's verdict was excessive and influenced by passion or prejudice and that the trial judge abused his discretion in denying the defendant's motion for a new trial or *remittitur* is that, if the amount awarded by the jury does not shock the judicial conscience, the trial judge has not abused his discretion in denying the motion for a new trial or *remittitur.*

2. DEATH — WRONGFUL DEATH.

The wrongful death act provides for compensation for the loss of society and companionship and, just as no marketplace formula exists to mathematically calculate pain and suffering, no precise formula exists for calculating the loss of society and companionship; those determinations are for the jury and a reviewing court should not arbitrarily substitute its judgment for that of the factfinder (MCL 600.2922; MSA 27A.2922).

3. DEATH — WRONGFUL DEATH.

Placing a monetary value on a human life is at best a nebulous decision-making process which does not lend itself to an exacting type of review; appellate courts should not reduce a jury's verdict as excessive based on a contention that the verdict as rendered is shocking to the judicial conscience where the amount awarded is within the range of the evidence and within the limits of what reasonable minds might deem just compensation for such imponderable items as the loss of society and companionship in a wrongful death action.

4. APPEAL — JURY INSTRUCTIONS.

Failure to raise an objection to a jury instruction in the trial court precludes appellate review absent manifest injustice (GCR 1963, 516.2).

5. DEATH — WRONGFUL DEATH — DESCENT AND DISTRIBUTION.

The siblings of a deceased person may recover damages in a wrongful death action for loss of society and companionship even though the decedent is survived by parents; the term "next of kin" as used in the wrongful death act to designate that class of persons who are entitled to share in the recovery for a wrongful death does not mean "nearest" relative, but

includes any relative who can demonstrate compensable injury (MCL 600.2922; MSA 27A.2922).

*Zeff & Zeff* (by *A. Robert Zeff*) and *Gromek, Bendure & Thomas* (by *Carl L. Gromek* and *Nancy L. Bosh)*, of counsel, for plaintiff.

*Harvey, Kruse, Westen & Milan, P.C.* (by *Richard A. Harvey* and *Gary A. Maximiuk)*, for defendant.

Before: M. J. KELLY, P.J., and T. M. BURNS and MacKENZIE, JJ.

PER CURIAM. This appeal arises from a July 17, 1979, jury verdict of $1,145,000 awarded to plaintiff in a wrongful death action. Defendant Grosse Pointe Park appeals as of right from the denial of its motion for new trial or *remittitur.*

The decedent, a 13-year-old boy, was struck and killed on July 16, 1975, by a Grosse Pointe Park city garbage truck. The trial judge instructed the jury that decedent's two parents and three siblings were the next of kin who could recover damages if defendants were found liable. Both trial counsel expressly stated their satisfaction with those instructions.

On appeal, defendant first alleges that the verdict was excessive and influenced by passion or prejudice and that the trial judge abused his discretion in denying the motion for new trial or *remittitur.* The appropriate standard of review is the "shock the judicial conscience" standard. *Burnett v Mackworth G Rees, Inc,* 109 Mich App 547; 311 NW2d 417 (1981). If the amount awarded does not "shock the judicial conscience", the trial judge has not abused his discretion in denying the motion for a new trial or *remittitur.*

The wrongful death act provides for compensation for the loss of society and compansionship. *Bradfield v Estate of Burgess,* 62 Mich App 345, 350-351; 233 NW2d 541, 544 (1975). Just as no marketplace formula exists to mathematically calculate pain and suffering, no precise formula exists for the loss of society and companionship. Those determinations are for the jury, and a reviewing court will not arbitrarily substitute its judgment for that of the factfinder. *Brown v Arnold,* 303 Mich 616, 627; 6 NW2d 914, 918 (1942). Furthermore, placing a monetary value on a human life is at best a nebulous decision-making process which does not lend itself to an exacting type of review. The jury's award of over one million dollars for plaintiff's loss of society and companionship of the 13-year-old boy does not seem unreasonable; rather, this award is within the limits of what reasonable minds might deem just compensation for the imponderable loss of society and companionship. See *Cryderman v Soo Line R Co,* 78 Mich App 465; 260 NW2d 135 (1977), *lv den* 402 Mich 867 (1978). Because plaintiff provided sufficient evidence of the loss of society and companionship, this Court declines to alter the award. The trial judge did not abuse his discretion in declining to grant a new trial or to order *remittitur.*

Defendant next claims that the trial judge erred in instructing the jury that decedent's three siblings could recover damages for loss of society and companionship. Because defendant failed to timely object to this instruction, this Court will not reverse the trial court absent manifest injustice. *Drouillard v Metropolitan Life Ins Co,* 107 Mich App 608; 310 NW2d 15 (1981).

This issue has recently been decided in *Crystal v Hubbard,* 414 Mich 297; 324 NW2d 869 (1982). In

approving *Scott v Burger King Corp,* 95 Mich App 694; 291 NW2d 174 (1980), the Supreme Court ruled that siblings may recover in a wrongful death action even if the decedent's parents still live:

"We are convinced that the Legislature never intended, in a case such as this one, to limit the right to seek damages for wrongful death to the actual 'heirs at law' by which is meant those persons who are the nearest of kin actually surviving decedent who would be entitled to inherit pursuant to our law of descent and distribution.

\* \* \*

"As a final matter, and apart from inferences to be drawn from the judicial and legislative history of § 2922, we do not think it was the intention of the Legislature to arbitrarily restrict the right to seek compensation to actual heirs at law and nearest of relatives while expanding the measure of damages to lost companionship. To do so would make the vagaries of familial survival the touchstone of recovery instead of the loss of the society and companionship which ordinarily exists among family members and, generally, to an even greater degree among more closely related individuals.

"Instead, we are convinced that the boundary we recognize today, establishing the right to seek compensation for the wrongful death of another, is in accord with the probable legislative judgment concerning human relationships inherent in our intestate succession laws. Those laws presume, as indeed is generally established by common experience, that certain intrafamily relationships are stronger than others and seek to distribute intestate property accordingly. There exists here an assumption that *some* positive relationship exists between almost all relatives. The wrongful death act, with its emphasis on compensating lost companionship, appears designed to compensate for the destruction of family relationships—those implicitly assumed to exist by our intestacy laws among family members

identified as potential intestate takers." (Footnote omitted.) 414 Mich 307, 324-326.

Such a broad reading of the words "next of kin" in the wrongful death statute has been followed in other jurisdictions as well. *Martz v Revier,* 284 Minn 166; 170 NW2d 83 (1969); *Karr v Sixt,* 146 Ohio St 527; 67 NE2d 331 (1946); *Wilson v Pollard,* 190 Ga 74; 8 SE2d 380 (1940); *Bartley v Boston & N St R Co,* 198 Mass 163; 83 NE 1093 (1908). See also 31 ALR3d 379, 387 (1970).

Affirmed.