LARION v CITY OF DETROIT

Docket No. 79781. Submitted December 11, 1985, at Detroit.—Decided
    February 19, 1986. Leave to appeal applied for.

Carol Larion, as personal representative of the estate of Sandra
    Mitchell, deceased, filed suit against the City of Detroit and
    other defendants in Wayne Circuit Court. Plaintiff alleged in
    her complaint: negligence on the part of defendant Carrizalez,
    who was the driver of the car which was involved in the
    accident resulting in defendant's death; negligence on the part
    of defendant City of Detroit for its failure to warn the public of
    the danger presented by a bridge pier which was involved in
    the accident and its failure to safeguard the public from the
    bridge pier; negligence on the part of defendant Norfolk &
    Western Railroad on the same basis as alleged against defen-
    dant City of Detroit; dramshop claims against defendants The
    Post Bar and Xavier's Dancestand and Carnival Bar and/or
    Subway Bar and its owners as individuals for selling or furnish-
    ing intoxicating liquors to defendant Carrizalez, who was alleg-
    edly visibly intoxicated, thereby causing or contributing to her
    intoxication. Defendant City of Detroit was the only defendant
    at the jury trial after a default judgment was entered against
    defendant Carrizalez, summary judgment was granted in favor
    of defendant railroad, and settlements were reached with all of
    the dramshop action defendants. The jury awarded $1.2 mil-
    lion, or $600,000 each, to the surviving children of decedent
    Mitchell. The circuit court, William J. Giovan, J., denied defen-
    dant's motion for a new trial or *remittitur*. Defendant ap-
    pealed. *Held:*

    1. The trial court did not err in granting plaintiff's pretrial
    motion *in limine* prohibiting defendant from referring to the
    visible intoxication of Carrizalez alleged in the dramshop
    *claims of plaintiff's complaint, thereby requiring defendant to*
    present independent proofs of Carrizalez's intoxicated condition

REFERENCES

Am Jur 2d, Continuance §§ 1, 4, 43, 44.
Am Jur 2d, Pleading §§ 47-49.
See the annotations in the ALR3d/4th Quick Index under Pleading;
    Trial.

to support its affirmative defense that Mitchell was negligent in accepting and continuing to accept transportation from an intoxicated Carrizalez. The primary purpose of pleadings is to give notice to opposing parties. Alternative pleadings, in cases involving separate actions against different defendants to recover for the same injury, lack the essential character of an admission, and to allow their use as evidential admissions would render them ineffective and would frustrate their underlying purpose of allowing parties to plead inconsistent claims.

2. The trial court did not abuse its discretion in denying defendant's motion for a continuance of trial after one of its witnesses became ill and unavailable to testify at trial, inasmuch as plaintiff had stipulated on the record as to the substance of the expected testimony of the unavailable witness.

3. The trial court did not abuse its discretion in denying defendant's motion for *remittitur.* The jury's verdict was supported by the proofs presented by plaintiff of the children's loss of society and companionship and did not shock the judicial conscience of the Court of Appeals.

Affirmed.

1. PLEADING — INCONSISTENT CLAIMS — EVIDENCE.

Alternative pleadings, in cases involving separate actions against different defendants to recover for the same injury, lack the essential character of an admission, and to allow their use as evidential admissions would render them ineffective and would frustrate their underlying purpose of allowing parties to plead inconsistent claims.

2. TRIAL — CONTINUANCE — APPEAL.

The Court of Appeals reviews a trial judge's ruling on a motion for continuance to determine whether or not an abuse of discretion has taken place and whether that abuse has prejudiced the moving party and denied its right to a fair trial.

3. DEATH — WRONGFUL DEATH.

The wrongful death act provides for compensation for the loss of society and companionship; placing a monetary value on human life is a nebulous determination which does not lend itself to an exacting type of review; appellate courts should not reduce a jury's verdict as excessive based on a contention that the verdict as rendered is shocking to the judicial conscience where the amount awarded in a wrongful death action is within the range of the evidence presented by a plaintiff of the loss of society and companionship.

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C. (by Angela J. Nicita),* for plaintiff.

*Donald Pailen,* Corporation Counsel, and *Mark V. Schoen,* Assistant Corporation Counsel, for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant City of Detroit appeals as of right from the Wayne County Circuit Court jury verdict of $1.2 million awarded in plaintiff's favor in this wrongful death action. The trial court denied defendant city's motion for new trial or *remittitur.* We affirm.

Sandra Mitchell died from injuries sustained as a passenger in a vehicle driven by Juanita Carrizalez. On September 20, 1980, at approximately 4:40 a.m., the Carrizalez vehicle struck the center bridge pier of a Norfolk & Western Railroad viaduct over the roadway of Livernois near its intersection with Toledo.

In a complaint filed April 15, 1981, plaintiff sued Carrizalez alleging in Count I, negligence by speeding, driving under the influence of alcoholic beverages and/or drugs, and other similar grounds. Count II alleged a claim against defendant city for its failure to warn the public of the danger presented by the bridge pier and its failure to safeguard the public from the bridge pier hazard (*i.e.,* by installation of an attenuator). Count III alleged a similar claim against the railroad. A first amended complaint was filed March 2, 1982, adding a dramshop claim in Count IV against The Post Bar and Xavier's Dancestand. A second amended complaint was filed September 10, 1982,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

adding another dramshop claim in Count V against Xhafer Mustafa and Skender Mustafa, individually and doing business as Carnival Bar and/or Subway Bar. In each dramshop claim, plaintiff alleged that defendants sold or furnished intoxicating liquors to Juanita Carrizalez, a visibly intoxicated person, thereby causing or contributing to her intoxication, MCL 436.22; MSA 18.993.

A default judgment was ultimately entered against defendant Carrizalez, and settlements were reached with each of the dramshop defendants. The trial court granted summary judgment in favor of defendant railroad company, leaving defendant city as the sole defendant at trial.

Prior to jury voir dire, plaintiff successfully moved *in limine* to prohibit defendant city from referring to the visible intoxication of Juanita Carrizalez alleged in the dramshop claims of plaintiff's amended complaint. The trial court relied upon two cases cited by plaintiff, *Hall v Detroit Marine Terminals, Inc,* 409 Mich 888 (1980), a case in which our Supreme Court vacated an unpublished decision of this Court in lieu of granting leave to appeal, and *Robertson v United Fuel & Supply Co,* 218 Mich 271; 187 NW 300 (1922). The trial court reasoned that the dramshop allegation of Carrizalez's visible intoxication was merely a pleading by plaintiff's counsel made without the benefit of any witness or other evidence to substantiate the extent of Carrizalez's intoxication.

Defendant's first claim on appeal is that the trial court erred when it precluded defendant city from referring to the dramshop allegation (*i.e.,* Carrizalez's visible intoxication). GCR 1963, 604 provides that any statement of fact set forth in any pleading shall be treated as an admission by the pleader and need not be proved by the opposing party. According to defendant, the allegation

constitutes a statement of fact and an admission which defendant city was not required to prove by independent proofs. Defendant argues that it is manifestly unfair to allow a plaintiff to consistently claim one set of facts against one defendant and then turn around at trial and claim the exact opposite against another defendant.

Thus, we must decide whether defendant city was entitled to rely upon the dramshop allegation as an admission of fact in defending the negligence claim.

Under GCR 1963, 604 (originally numbered 606), a pleading may be treated as an admission for relieving a party of the need to prove an issue or it may be treated as admissible in evidence in a different proceeding, as an exception to the hearsay rule's normal exclusion of extra-judicial statements. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 391.

In *Grand Trunk W R Co v Lovejoy,* 304 Mich 35, 41; 7 NW2d 212 (1942), our Supreme Court stated in broad terms the general rule which permits a party to use an averment in his adversary's final pleading as a basis in argument for the existence of a subordinate fact by quoting or reading the pleading as part of the record. Under the general rule, a party is not required to prove the admitted facts. However, that case did not involve a defensive use of the plaintiff's averment against an unrelated defendant such as in the instant case. Our research reveals no authority in Michigan directly on point.

Plaintiff contends that alternative pleadings present an exception to the rule of GCR 1963, 604, relying upon *Slocum v Ford Motor Co,* 111 Mich App 127; 314 NW2d 546 (1981), *lv den* 414 Mich 886 (1982), and *Lenzo v Maren Engineering Corp,* 132 Mich App 362; 347 NW2d 32 (1984), *lv den* 419

Mich 937 (1984). Although those cases involved a third-party complaint by the defendant, unlike the alternate theories against multiple defendants in the instant case, the rationale of those cases offers guidance here. That is, a party should not be placed in the position of having to forego a claim at the risk of having inconsistent allegations treated as admissions.

GCR 1963, 111.9 allows a party to state as many separate claims as he has regardless of consistency and to plead inconsistent facts in the alternative when in doubt. Underlying this liberal rule is an obligation of good faith that the signing attorney believes there are good grounds to support each averment. Moreover, the factual basis for an inconsistent or alternative claim may be quickly "smoked out" by discovery proceedings. 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), pp 201-202. According to the committee comment to GCR 1969, 111, "[T]he admission of facts pleaded is not in any event imposed upon a pleader setting forth inconsistent causes of action for obvious reasons. This subject is more properly left to rules of evidence". 1 Honigman & Hawkins, *supra,* p 193.

Further, it is doubtful whether the dramshop allegation constitutes a "statement of fact". It appears to be nothing more than an allegation pleaded to satisfy the statutory requirement of the dramshop act, MCL 436.22; MSA 18.993. Compare, *Freeman v Meijer, Inc,* 95 Mich App 475; 291 NW2d 87 (1980).

We note that defendant city raised an affirmative defense, specifically, Mitchell's negligence in accepting and continuing to accept transportation from her intoxicated friend, Carrizalez. A defendant has the burden of proving facts to establish its affirmative defense. *Hatch v Maple Valley Twp*

*Unit School,* 310 Mich 516; 17 NW2d 735 (1945). In this case the trial court permitted defendant to show the intoxicated condition of Carrizalez via her deposition testimony which was read to the jury. In closing argument, defendant emphasized the intoxicated condition of Carrizalez. Contrary to defendant's assertions, the record does not show that plaintiff denied or actively disputed the fact that Carrizalez had been drinking.

Our decision is in accord with the trend described in McCormick on Evidence, (3d ed, 1984), § 265, pp 780-782:

"An important exception to the use of the pleadings in the case as admissions must be noted. A basic problem which attends the use of written pleadings is uncertainty whether the evidence as it actually unfolds at trial will prove the case described in the pleadings. Traditionally, a failure in this respect, *i.e.,* a variance between pleading and proof, could bring disaster to the pleader's case. As a safeguard against developments of this kind, the common law evolved the use of counts, each a complete separate statement of a different version of the same basic claim, combined in the same declaration, to take care of variance possibilities. The same was done with defenses. Inconsistency between counts or between defenses was not prohibited; in fact it was essential to the successful use of the system. Also essential to the success of the system was a prohibition against using allegations in one count or defense as admissions to prove or disprove allegations in another. For a time, under the influence of the Field Code of 1848, the view prevailed that in a given case there could exist only one set of facts and that inconsistent statements and defenses were therefore not allowable. Nevertheless, uncertainty has persisted as to how a case will in fact develop at trial, and some procedure is needed for dealing with problems of variance. The modern equivalent of the common law system is the use of alternative and hypothetical forms of statement of claims and defenses, regardless of consistency. It can

readily be appreciated that *pleadings of this nature are directed primarily to giving notice and lack the essential character of an admission. To allow them to operate as admissions would render their use ineffective and frustrate their underlying purpose. Hence the decisions with seeming unanimity deny them status as judicial admissions, and generally disallow them as evidential admissions.*

"The trend is to expand the application of the exception described above to the general rule of admissibility to include, not only the common law practice and modern hypothetical and alternative allegations, but in addition situations in which a more skillful pleader would have avoided the pitfalls of admissions by resorting to one of those techniques. * * * *The same trend is evident in cases involving separate actions against different defendants to recover for the same injury.* The trend is consistent with the prevailing view that the primary purpose of pleadings is to give notice and that alternative or hypothetical allegations are not usable as admissions, but the extent to which it will prevail is difficult to estimate." (Footnotes omitted; emphasis added.)

We are not persuaded by *Hall v Detroit Marine Terminals,* 409 Mich 889 (1980), a case of doubtful precedential authority. GCR 1963, 904(4). Further, that case is factually inapposite, because it concerned the use of answers to interrogatories as admissions. Answers to interrogatories are not pleadings. *Hydr-O-Matic Pump Division, Weil-McLain Co, Inc v G & M Underground Contracting Co, Inc,* 101 Mich App 376; 301 NW2d 26 (1980).

In short, the trial court did not err reversibly by precluding defendant city's use of the dramshop allegation as an admission, thereby requiring defendant city to present independent proofs of Carrizalez's intoxicated condition to support its affirmative defense.

Defendant city next contends that the trial court abused its discretion when it denied a motion for

continuance on the fifth day of trial because a defense expert witness, Peter Cooley, was unexpectedly hospitalized and unavailable for trial. Cooley had not been deposed in pretrial discovery. Plaintiff's counsel stipulated on the record to the substance of Cooley's expected testimony and then described the expected testimony. The trial court acknowledged that defendant city's case would be better served by having the witness's live testimony, but declined to shut down the court for 2-1/2 days in light of a backlogged schedule. Defendant contends that denial of the motion solely for the convenience of the trial court constitutes an abuse of discretion, relying upon *Knoper v Burton,* 12 Mich App 644; 163 NW2d 453 (1968), *rev'd on other grounds* 383 Mich 62; 173 NW2d 202 (1970).

GCR 1963, 503.2, governs the grant or denial of a motion to continue a trial due to the unavailability of a witness. It provides in part: "If the testimony or the evidence would be admissible upon the trial, and the adverse party stipulates in writing or on the record that it shall be considered as actually given on the trial, there shall be no postponement or continuance unless the court, in the furtherance of justice, deems a continuance necessary." This Court reviews a ruling on such a motion for an abuse of discretion and prejudice to the moving party which amounts to a denial of a fair trial. *Bauman v Grand Trunk W R Co,* 363 Mich 604, 609; 110 NW2d 628 (1961); *McKay v Black,* 5 Mich App 711, 716; 147 NW2d 735 (1967).

Although we agree with the trial court that defendant city's case would have been better served by Cooley's live testimony, we note that this handicap can be partially attributed to defendant city's failure to depose Cooley before trial. This is not a situation in which the absence of Cooley's live testimony cut "the heart out" of

defendant city's defense. If his testimony was that crucial, then it was the responsibility of defendant city to preserve the testimony by pretrial deposition. Thus, we find no abuse of discretion and no prejudice to defendant city.

Finally, defendant city contends that *remittitur* is required because the jury award was excessive, unfair and based upon improper considerations. According to defendant city, no economic loss resulted from Mitchell's death since her two children are raised and cared for by other family members, and thus, the children may be compensated only for loss of companionship. Thus, defendant city contends that the award of $1.2 million, or $600,-000 per child, is an inflated award.

The trial court denied defendant city's motion, and we review that ruling for an abuse of discretion which has also been described as a "shock the judicial conscience" standard. *May v Grosse Pointe Park,* 122 Mich App 295, 297; 332 NW2d 411 (1982). The wrongful death act provides for compensation for the loss of society and companionship. *Bradfield v Estate of Burgess,* 62 Mich App 345, 350-351; 233 NW2d 541 (1975). Placing a monetary value on a human life is a nebulous determination which does not lend itself to an exacting type of review. *May, supra,* p 298. Here, the jury's verdict was within the range of evidence presented by plaintiff of the children's loss of society and companionship. The trial court did not abuse its discretion by refusing to order *remittitur.*

Affirmed.